Dear Ms. Williams:
This office is in receipt of your request for an opinion of the Attorney General regarding exposure for individuals serving as plan trustees of the Harbor Police Board of Trustees. The Board is trying to determine if it would be cost effective for their plan to have fiduciary liability coverage for its trustees to protect them as individuals from lawsuits. Therefore, you ask what would be the exposure to lawsuits for individuals serving as plan trustees.
R.S. 9:2792 through 9:2792.8 covers liability of governmental units in the State such as liability of member, director, trustee or officer of any public organization, R.S.9:2792, liability of director, officer, or trustee of nonprofit organization, R.S. 9:2792.1, liability of board member of a downtown development district, R.S. 9:2792.2, liability of a trustee of a self-insurance trust fund, R.S. 9:2792.6. We find that these provisions provide persons serving as director, officers or trustees of nonprofit organizations are not individually liable for any act or omission resulting in damage or injury arising out of the exercise of judgment "unless such damage or injury was caused by his willful or wanton misconduct." R.S. 9:2792.4 covers a person serving as an elected or appointed director, trustee, or member of a board, commission, or authority of a municipality, ward, parish, or special district, board, or commission of the state, including without limitation, a levee district, school board, parish law enforcement district, downtown development district, tourist commission, port commission, publicly owned railroad board or commission or any other local board, commission, or authority. That statute provides as follows:
 B. A person who serves as a member of a board, commission, or authority of a political subdivision as defined in Subsection A, shall not be individually liable for any act or omission resulting in damage or injury, arising out of the exercise of his judgment in the formation and implementation of policy while acting as a member of a board, commission, or authority of that political subdivision, provided he was acting in good faith and within the scope of his official functions and duties, unless such damage or injury was caused by his willful or wanton misconduct.
Thus, we must conclude that the exposure for lawsuits for the individuals serving as plan trustees is only when damage was caused by willful and wanton misconduct, and to determine if it would be cost effective to have fiduciary liability coverage will have to be made on the basis of the cost of the coverage to the possibility of damage from willful and wanton misconduct.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0633f